UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JASON MONTELLO,                                                    **ANSWER**

                         Plaintiff,                 Civil Action No.
     v.                                                            14-CV-4164

THE UNITED STATES OF AMERICA, UNITED                (Ross, J.)
STATES DEPARTMENT OF JUSTICE, UNITED                (Scanlon, M.J.)
STATES MARSHALS SERVICE, NEIL A. FISHER,
M.D. AND JEAN RAPHAEL YVON DUPOUX, M.D.,


                        Defendants.
-----------------------------------------------------------------------x

       Defendants UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF

JUSTICE and UNITED STATES MARSHALS SERVICE ("Federal Defendants"),[1] by and

through their attorney, Robert L. Capers, United States Attorney, Eastern District of New York,

and Dara A. Olds, Assistant United States Attorney, of counsel, answers the correspondingly

numbered paragraphs of the Complaint, upon information and belief, as follows:

       1.      Paragraph 1 of the Complaint contains legal conclusions and plaintiff's

characterization of the action, to which no response is required; to the extent a response is

deemed to be required, the Federal Defendants deny.

       2.      Paragraph 2 of the Complaint contains legal conclusions and plaintiff's

characterization of the action, to which no response is required; to the extent a response is

deemed to be required, the Federal Defendants deny.

---

[1] The United States of America must be substituted as the sole Federal Defendant in this action as a matter of law, in the place of defendants United States Department of Justice and United States Marshals Service. To the extent that plaintiff purports to bring this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2401(b), 2671 et seq. ("FTCA"), federal agencies are not proper parties to such an action. *See* 28 U.S.C. §§ 1346(b)(1), 2679(a). To the extent that plaintiff also purports to bring this action under *Bivens v. Six Federal Narcotics Agents*, 403 U.S. 383 (1971), that claim must be dismissed against all of the Federal Defendants, as a matter of law, for lack of subject matter jurisdiction.

3.      Paragraph 3 of the Complaint contains plaintiff's characterization of the action; to the extent a response is deemed to be required, the Federal Defendants deny.

4.      Paragraph 4 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.

5.      The Federal Defendants deny, except admit that an administrative claim on a Standard Form ("SF") 95 dated April 26, 2013 (the "Administrative Claim") was submitted by or on behalf of the plaintiff to the United States Department of Justice.

6.      The Federal Defendants deny, except admit that the Administrative Claim was denied by letter dated January 6, 2014, and mailed the same day.

7.      Paragraph 7 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny, except admit that the Administrative Claim was denied by letter dated January 6, 2014 and that the Complaint was filed on July 7, 2014.

8.      Paragraph 8 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

9.      Paragraph 9 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

10.     Deny.

11.     Deny.

12.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and, accordingly, deny.

13.     The Federal Defendants deny, except admit that the United States has been named as a defendant in this action, which asserts claims under the FTCA.

14.     Paragraph 14 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny, except admit that the Department of Justice is a federal agency.

15.     Paragraph 15 of the Complaint contains legal conclusions, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny, except admit that the United States Marshals Service is a component of the Department of Justice.

16.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint as to what plaintiff intends and believes, including whether unidentified possible additional defendants are federal employees, and, accordingly, deny.  As to the remaining allegations, the Federal Defendants deny, except aver that plaintiff voluntarily dismissed his claims against defendant Jean Raphael Yvon Dupoux, M.D. on December 18, 2015.

17.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint as to what plaintiff intends and believes, including whether unidentified possible additional defendants are federal employees, and, accordingly, deny.  As to the remaining allegations, the Federal Defendants deny, except aver that plaintiff voluntarily dismissed his claims against defendant against defendant Jean Raphael Yvon Dupoux, M.D. on December 18, 2015.

18.     The Federal Defendants deny, except admit that a detention facility is located at 182-22 150th Avenue, Jamaica, NY 11413.

19.     Deny.

20.     The Federal Defendants deny, except admit that a detention facility is located at 182-22 150th Avenue, Jamaica, NY 11413.

21.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint which does not identify the aforesaid hospital, and, accordingly, deny.

22.     The Federal Defendants deny, except admit that a detention facility is located at 182-22 150th Avenue, Jamaica, NY 11413.

23.     Deny.

24.     The Federal Defendants deny, except aver that plaintiff was incarcerated at the detention facility located at 182-22 150th Avenue, Jamaica, NY 11413, on January 25, 2010 through November 2, 2010.

25.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint, and accordingly, deny.

26.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Complaint, and accordingly, deny, except aver that plaintiff was incarcerated at the detention facility located at 182-22 150th Avenue, Jamaica, NY 11413, on January 25, 2010 through November 2, 2010.

27.     No response is required to paragraph 27 of the Complaint, which incorporates by reference all the previous allegations; to the extent a response is deemed to be required, the Federal Defendants incorporate by reference their responses to all the previous allegations as if fully set forth herein.

28.     To the extent that the allegations in paragraph 28 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or

4

information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 28 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

29.     The Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.

30.     Deny.

31.     Deny.

32.     Deny.

33.     No response is required to paragraph 33 of the Complaint, which incorporates by reference all the previous allegations; to the extent a response is deemed to be required, the Federal Defendants incorporate by reference their responses to all the previous allegations as if fully set forth herein.

34.     To the extent that the allegations in paragraph 34 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 34 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

35.     To the extent that the allegations in paragraph 35 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 35 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

36.     Deny.

37.     Deny.

38.     No response is required to paragraph 38 of the Complaint, which incorporates by reference all the previous allegations; to the extent a response is deemed to be required, the Federal Defendants incorporate by reference their responses to all the previous allegations as if fully set forth herein.

39.     To the extent that the allegations in paragraph 39 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 39 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

40.     To the extent that the allegations in paragraph 40 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 40 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

41.     To the extent that the allegations in paragraph 41 of the Complaint apply to defendants other than the Federal Defendants, the Federal Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, accordingly, deny.  To the extent that the allegations in paragraph 41 of the Complaint apply to the Federal Defendants, the Federal Defendants deny.

42.     Deny.

43.     No response is required to paragraph 43 of the Complaint, which incorporates by reference all the previous allegations; to the extent a response is deemed to be required, the Federal Defendants incorporate by reference their responses to all the previous allegations as if fully set forth herein.

44.     Paragraph 44 of the Complaint contains legal conclusions and plaintiff's characterization of the action, to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

49.     Deny.

50.     Paragraph 50 of the Complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

51.     Paragraph 51 of the Complaint constitutes a jury demand to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

The unnumbered, final paragraph of the Complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed to be required, the Federal Defendants deny.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the FTCA claim, pursuant to 28 U.S.C. § 2671.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's FTCA claim against defendants United States Department of Justice and the United States Marshals Service, because agencies are not proper parties to an FTCA claim under 28 U.S.C. § 2670(a).

7

**THIRD DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

The alleged injuries or damages, or both, alleged in the Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of employment.

**FIFTH DEFENSE**

Plaintiff's alleged injuries were sustained without any negligence or fault or want of care on the part of the Federal Defendants.

**SIXTH DEFENSE**

None of the Federal Defendants' acts or omissions were the cause of fact or proximate cause of any alleged damages to the plaintiff.

**SEVENTH DEFENSE**

In the event that the Federal Defendants are found to have been negligent, which Federal Defendants deny, plaintiff was comparatively negligent, and his negligence was the proximate cause of and contributed to any alleged injuries or damages, thereby mandating that any recovery to the plaintiff be proportionately reduced.

**EIGHTH DEFENSE**

Plaintiff's claim for damages may not include prejudgment interest or punitive damages, and is otherwise limited to damages recoverable under 28 U.S.C. § 2674.

**NINTH DEFENSE**

The liability of the Federal Defendants, if any, with respect to any claim by the plaintiff for non-economic loss, is limited pursuant to N.Y. CPLR § 1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or

contributing to the total liability for non-economic loss, including persons or entities over whom plaintiff could have obtained jurisdiction with due diligence.

## TENTH DEFENSE

Pursuant to 28 U.S.C. § 2675(b), plaintiff's recovery, if any, under his FTCA claim is limited to the amount of damages specified in the administrative claim.

## ELEVENTH DEFENSE

Any recovery by plaintiff is subject to the availability of appropriated funds in accordance with 42 U.S.C. § 233(k).

## TWLEFTH DEFENSE

In the event that the Court enters a judgment against the Federal Defendants, that judgment must be reduced, pursuant to N.Y. CPLR § 4545(c) (McKinney 2016), and any other applicable New York state laws, by those amounts that plaintiff has been, or will be, with reasonable certainty, reimbursed or indemnified, in whole or in part, by any collateral source, for any past or future economic loss arising from the alleged injuries.

## THIRTEENTH DEFENSE

Any recovery of attorneys' fees must be paid from any judgment or settlement in accordance with 28 U.S.C. § 2678.

## FOURTEENTH DEFENSE

Pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to the jury trial that he demands.

## FIFTEENTH DEFENSE

The Court lacks subject matter jurisdiction over plaintiff's claim under *Bivens v. Six Federal Narcotics Agents*, 403, U.S. 383 (1971) against the Federal Defendants.

## SIXTEENTH DEFENSE

To the extent that the Court does have jurisdiction over plaintiff's claim under *Bivens v. Six Federal Narcotics Agents*, 403, U.S. 383 (1971), the Federal Defendants are entitled to qualified immunity.

## SEVENTEENTH DEFENSE

Plaintiff's FTCA claim is time-barred.

## EIGHTEENTH DEFENSE

Plaintiff was negligent, and his negligence was the proximate cause of the damages alleged in the Complaint.

## NINETEENTH DEFENSE

Plaintiff's damages, if any, were due in whole or in part to the negligence of others, known or unknown, over whom the Federal Defendants exercised no control.

## TWENTIETH DEFENSE

Plaintiff's recovery, if any, is limited by his failure to mitigate his damages.

## TWENTY-FIRST DEFENSE

To the extent that the Federal Defendants rendered any medical care to the plaintiff, plaintiff was informed, as a reasonable medical practitioner under similar circumstances would have informed plaintiff, of the reasonably foreseeable and benefits involved.

## TWENTY-SECOND DEFENSE

To the extent that the Federal Defendants rendered any medical care to the plaintiff, having been informed of the potential risks involved, by consenting to proceed, plaintiff assumed all such risks.

**TWENTY-THIRD DEFENSE**

To the extent that the Federal Defendants rendered any medical care to the plaintiff, assuming *arguendo* that plaintiff was not fully informed of the reasonably foreseeable risks, which the Federal Defendants deny, plaintiff cannot show either that a reasonably prudent person in the plaintiff's position would not have agreed with the actual course of treatment taken by defendants if he had been fully informed or that the lack of informed consent is a proximate cause of the injury or condition for which recovery is sought.

**TWENTY-FOURTH DEFENSE**

To the extent that the Federal Defendants rendered any medical care to the plaintiff, the care and treatment that defendants accorded to plaintiff met or exceeded the applicable standard of care.

**TWENTY-FIFTH DEFENSE**

To the extent that the Federal Defendants rendered any medical care to the plaintiff, at all times relevant to the incident or events giving rise to plaintiff's complaint, the Federal Defendants possessed and applied the knowledge and used the skills and care ordinarily used by physicians of the same type and specialty giving due regard to the locality involved.

**TWENTY-SIXTH DEFENSE**

Pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to the jury trial that he demands.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's tort claims are subject to, and limited by, the FTCA.

WHEREFORE, the United States demands judgment dismissing the Complaint in its entirety,

and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
          January 15, 2016

                                   ROBERT L. CAPERS
                                   United States Attorney
                                   *Counsel for the Federal Defendants*
                                   Eastern District of New York
                                   271 Cadman Plaza East, 7th Floor
                                   Brooklyn, New York 11201

                        By:    /s/ Dara A. Olds
                                   DARA A. OLDS
                                   Assistant United States Attorney
                                   (718) 254-6148
                                   dara.olds@usdoj.gov

TO:    Roberta D. Asher, Esq. (via ECF)
          Asher & Associates, P.C.
          *Attorneys for Plaintiff*
          111 John Street, Suite 1200
          New York, NY 10038